IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBRA MAGNUSON,<br><br>Plaintiff,<br><br>vs.<br><br>ELECTRONIC DATA SYSTEMS,<br><br>and<br><br>MICHAEL CURRY,<br><br>and<br><br>MARTHA R. HASTINGS,<br><br>Defendants. | CASE NO. 1:04 CV 11554-RWZ<br><br>JUDGE ZOBEL<br><br>MAGISTRATE JUDGE ALEXANDER<br><br>**ANSWER OF DEFENDANTS** |

## ANSWER

For their Answer to the Complaint of Plaintiff Debra Magnuson (hereinafter referred to as "Plaintiff"), Defendants Electronic Data Systems, Michael Curry and Martha Hastings (hereinafter referred to as "Defendants") hereby asserts the following:

## ANSWER TO PARTIES

1.  Upon information and belief, Defendants admit the allegations in Paragraph 1 of Plaintiff's Complaint.

1

2. Defendants admit the allegations in Paragraph 2 of Plaintiff's Complaint.

3. Defendants admit the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Defendants admit the allegations in Paragraph 4 of Plaintiff's Complaint.

## ANSWER TO FACTS

5. Defendants admit that Plaintiff worked for Defendant Electronic Data Systems ("EDS") until June 20, 2003, when she was terminated for violation of EDS' Code of Business Conduct. Defendants deny the remaining allegations in Paragraph 5 of Plaintiff's Complaint.

6. Paragraph 6 of the Complaint is a statement of Plaintiff's position requiring no response, if however, a response is deemed necessary, Defendants deny the allegations in Paragraph 6 of Plaintiff's Complaint.

7. Defendants deny the allegations in Paragraph 7 of Plaintiff's Complaint.

8. Defendants deny the allegations in Paragraph 8 of Plaintiff's Complaint.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of Plaintiff's Complaint, except that Defendants do admit that Plaintiff was in Chico, California on a business trip and that on the last working day of the trip Plaintiff did in fact consume alcohol during lunch.

10. Defendants deny the allegations in Paragraph 10 of Plaintiff's Complaint, except that Defendants admit that Defendant EDS' Code of Business Conduct does prohibit being under the influence of alcohol while working and prohibits the consumption of alcohol during work hours or after work hours at an EDS or client sponsored event, regardless of location, without the prior approval of senior leadership.

11. Defendants deny that Defendant Michael Curry harassed Plaintiff or tried

to "force Plaintiff out of her position." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendants deny the allegations in Paragraph 12 of Plaintiff's Complaint, except that Defendants admit that Defendant Curry posted the position of Claims Operations Trainer in an attempt to hire an assistant for Plaintiff and that Plaintiff sought clarification of this action. Defendants further admit that this position had a higher job code than the job code Plaintiff carried at that time because Plaintiff's job code (that of an Analyst) had not yet been changed to reflect her new duties as a Claims Operations Trainer, a position to which she had recently transferred.

13. Defendants deny the allegations in Paragraph 13 of Plaintiff's Complaint, except that Defendants admit that Plaintiff transferred to the Claims Operations Trainer position in December 2002 and that her supervisor did not change her job code at that time because he was unaware that a job code existed for the new position.

14. Defendants deny the allegations in Paragraph 14 of Plaintiff's Complaint, except that Defendants admit that Plaintiff did meet with Mr. Conn for her annual review.

15. Defendants admit the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Defendants admit the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendants specifically controvert the prayer for relief set forth beneath Paragraph 16.

## **GENERAL DENIAL**

18. Defendants deny each and every allegation not expressly admitted to be true.

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE

19. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

20. Some or all of Plaintiff's claims or attempted claims are barred by the pertinent statute of limitations.

### FOURTH DEFENSE

21. Some or all of Plaintiff's claims or attempted claims are barred due to her failure to satisfy administrative prerequisites and/or exhaust administrative remedies.

### FIFTH DEFENSE

22. To the extent Plaintiff is alleging some sort of wrongful harassment, her claims are barred due to her unreasonable failure to take advantage of preventative opportunities provided by Defendant EDS or to avoid harm otherwise.

### SIXTH DEFENSE

23. At all times relevant to this lawsuit, Defendants acted in good faith and in accordance with applicable laws.

### SEVENTH DEFENSE

24. Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands and her own misconduct.

### EIGHTH DEFENSE

25. Any and all actions taken with respect to Plaintiff's employment were for legitimate and non-discriminatory reasons.

## NINTH DEFENSE

26. Plaintiff has failed to mitigate her claimed damages in this action.

## TENTH DEFENSE

27. Any attempt by Plaintiff to claim punitive damages is barred by the constitutions of the United States.

## ELEVENTH DEFENSE

28. Alternatively, punitive damages are inappropriate under the facts of this action.

## TWELFTH DEFENSE

29. Because any actions taken by EDS regarding Plaintiff were taken in good faith, in accordance with EDS' internal policies, and not taken wantonly or with malice or bad faith and/or reckless indifference to Plaintiff's protected rights, EDS did not willfully violate any law with respect to its treatment of Plaintiff, thereby negating Plaintiff's entitlement to punitive damages.

## THIRTEENTH DEFENSE

30. Defendants were not the cause of any injuries allegedly suffered by Plaintiff.

## FOURTEENTH DEFENSE

31. Plaintiff's damages may be limited and/or foreclosed by the after acquired evidence doctrine.

## FIFTEENTH DEFENSE

32. Any attempt by Plaintiff to bring a breach of contract claim is foreclosed by the very language of Defendant EDS' Code of Business Conduct/policies.

### SIXTEENTH DEFENSE

33. Any attempt by Plaintiff to bring a breach of contract claim is foreclosed by Plaintiff's failure to provide adequate consideration.

### SEVENTEENTH DEFENSE

34. Plaintiff was an at-will employee and therefore her employment was terminable with or without cause.

### EIGHTEENTH DEFENSE

35. Defendant reserves the right to designate additional affirmative defenses as they may come to light during the course of investigation, discovery or otherwise.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief from Defendants and asks this Court to dismiss Plaintiff's Complaint with prejudice and award Defendants their costs, including attorneys' fees and such other relief as this Court deems appropriate.

Respectfully submitted,

*[signature]*
Joseph P. McConnell (BBO 566412)
Morgan Brown and Joy, LLP
One Boston Place
Boston, Massachusetts 02108
(617) 523-6666
(617) 367-3125 (fax)


Pro Hac Vice to be submitted,

Martin T. Wymer  (0004004)
Douglas R. Sergent (0071151)
BAKER & HOSTETLER LLP
3200 National City Center
1900 East Ninth Street
Cleveland, Ohio  44114-3485
Telephone:  (216) 621-0200
Facsimile:  (216) 696-0740

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

A true copy of the foregoing *Answer* was served upon Plaintiff Debra Magnuson at 640 King Street, Hanover, Massachusetts 02339, via regular U.S. mail, postage prepaid, this ____20th____ day of July 2004.

_____Joseph P. McConnell_____
One of the attorneys for Defendants