IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBRA MAGNUSON,<br><br>                Plaintiff,<br><br>vs.<br><br>ELECTRONIC DATA SYSTEMS CORPORATION,<br><br>and<br><br>MICHAEL CURRY,<br><br>and<br><br>MARTHA R. HASTINGS,<br><br>                Defendants. | CASE NO. 1:04 CV 11554-RWZ<br><br>JUDGE ZOBEL<br><br>DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS |

## INTRODUCTION

Plaintiff Debra Magnuson ("Plaintiff") brings a single claim against Defendants Electronic Data Systems Corporation ("EDS") and EDS managers Michael Curry and Martha Hastings alleging that she was wrongfully terminated for engaging in the admitted conduct of using alcohol during the work day in violation of EDS policy. On the face of the pleadings, Plaintiff's Complaint does not allege facts sufficient to state a cause of action for wrongful termination as a matter of law. The pleadings confirmed that Plaintiff was employed on an at-

will basis.  As an at-will employee, Plaintiff could be terminated for any reason or for no reason at all.  The only exception potentially implicated to this general rule is the common law doctrine that an at-will employee may not be terminated for reasons that violate a clearly established public policy.  Plaintiff's Complaint provides no allegation as to what public policy allegedly was violated, and it is well established Massachusetts law that no claim for wrongful discharge or in violation of public policy will lie where an employee challenges an employer's application of its internal work policies or where she alleges that the proffered reason for her termination was untrue.

Yet, that is exactly what Plaintiff has attempted to do in this case.  She acknowledges that she was terminated by virtue of application of EDS policies prohibiting workplace use of alcohol.  As such, the stated reason for her termination does not violate public policy.  Furthermore, Plaintiff also alleges that she was not truly terminated for using alcohol, but rather because of "ongoing disputes with her manager, Defendant Michael Curry, over her job duties and responsibilities."  Not only do such allegations fail to state a cognizable claim, even accepted as true, a disagreement over job duties fails to implicate a clearly defined public policy rooted in statute.  Accordingly, as set forth herein, Plaintiff's Complaint fails on the pleadings and should be dismissed.

## STATEMENT OF FACTS

EDS is a leader in providing information technology services to a wide variety of customers throughout the world.  Plaintiff transitioned to employment with EDS' subsidiary National Heritage Insurance Company from Blue Cross and Blue Shield of Massachusetts in August 1997.  (*See* Hiring Transition Form, attached as Exhibit A to Dalton Affidavit).  At the time of her hire, Plaintiff signed an Employment Agreement.  (*See* Employment Agreement,

attached as Exhibit B to Dalton Affidavit).  In that Employment Agreement, Plaintiff confirmed her understanding that she would be employed on an at-will basis.  Paragraph four of the Agreement states:

> I understand and agree that my employment at EDS is not for any specified term and that either EDS or I may terminate the employment relationship with or without notice or cause at anytime.

(*Id*. at 2, ¶4).

As an EDS employee, Plaintiff understood that she was subject to EDS' personnel policies.  These policies likewise confirmed that Plaintiff was an at-will employee.  For instance, the EDS Code of Business Conduct, which is attached to Plaintiff's Complaint, states that "employment at EDS is for no definite period and may be terminated at any time by the company or by an employee with or without cause and with or without any previous notice."  (*See* Complaint attached hereto as Exhibit C, ¶ 5).

EDS also maintains a zero tolerance drug and alcohol policy.  The policy prohibits use of alcohol while working.  (*See* Substance Abuse Policy attached to Plaintiff's Complaint).

On June 9, 2003, while on a business trip for training to Chico California, Plaintiff admits to having consumed alcohol at the Sierra Nevada Brewery while at lunch on a work day.  (Complaint ¶ 9).  Thereafter, on June 20, 2003, Plaintiff was informed of her termination from EDS based on her admitted conduct.  (*Id.* at ¶ 5).

As she alleges: "The reason given for termination was violation of Company Code of conduct (Business and Ethics Policy), specifically violation of the Substance Abuse Policy." (*Id.*)[1]

Plaintiff contends that this is not the real reason for her termination. Plaintiff asserts that EDS really terminated her because she had an "ongoing dispute with her manager, Defendant Michael Curry, over her job duties and responsibilities." (*Id*. at ¶ 6). This action followed.

## LAW AND ARGUMENT

I. **STANDARD FOR A RULE 12(C) MOTION ON THE PLEADINGS**

According to Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for a judgment on the pleadings after the pleadings are closed. A judgment on the pleadings is appropriate where a plaintiff can prove no set of facts entitling her to relief. *Collier v. City of Chicopee*, 158 F.3d 601, 602 (1st Cir. 1998). In other words, it is proper when a plaintiff cannot prevail at trial "under any conceivable set of facts asserted by the pleadings." *Int'l Paper Co. v. Town of Jay*, 928 F.2d 480, 482 (1st Cir. 1991).

When deciding a Rule 12(c) motion, the court should consider only well-pleaded allegations. *Id*.; *Collier at* 158 F.3d 601, 602. The court must also take all of a plaintiff's well-pleaded allegations as true. *Id*. However, a court should not infer allegations that are not pleaded. *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003). Moreover, a court should also consider all documents attached to or referenced by the pleadings. *Brass v.*

---

[1] See EDS' Code of Business Conduct, Compliance/Discipline, ¶ 5, which Plaintiff referenced in her Complaint and attached thereto. In addition, Defendants have attached as Exhibit B Plaintiff's employment application in which she acknowledges that her employment is at-will, page 2, ¶4. Attaching these documents to the Motion does not convert it into one for summary judgment. Defendants have pleaded the affirmative defense of "at-will employment" in their Answer (*see* Affirmative Defense No. 17, ¶ 34). According to *In re Burlington Coat Factory Sec. Litigation*, 114 F.3d 1410 (4th Cir. 1997), attaching a document in furtherance of allegations pleaded does not convert a Rule 12 motion into one for summary judgment. Moreover, this Motion is not ripe for conversion under the principles articulated by the First Circuit Court of Appeals in *Torres v. Hosp. San Pablo, Inc.*, 205 F.3d 472, 475 (2000), as cited below. If, however, the Court does convert this Motion into one for summary judgment and denies it, Defendants reserve the right to amend the Motion and re-file it after the close of discovery.

*American Film Tech. Inc.*, 987 F.2d 142 (2nd Cir. 1993); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 430 (7th Cir. 1993); Rule 10(c), Fed. R. Civ. P.[2]

II. **DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE PLEADINGS BECAUSE PLAINTIFF'S COMPLAINT LACKS ANY FACTS THAT WOULD ENTITLE HER TO RELIEF.**

    A. **Absent A Violation Of Public Policy, An At-Will Employee Has No Claim For Wrongful Termination.**

As a general rule, employment at-will is terminable by the employer or the employee for any reason or for no reason at all. *Derose v. Putnam Mgmt Co.,* 398 Mass. 205, 496 N.E.2d 428 (1986); *Smith-Pfeffer v. Superintendent of the Walter E. Fernald State School,* 404 Mass. 145, 533 N.E.2d 1368 (1989). There is a limited exception to this general rule. *Id.* The exception applies only when a termination violates a public policy. *Id.*

The public policy exception is narrow. *Mello v. The Stop & Shop Co.,* 402 Mass. 555, 524 N.E.2d 105 (1988). The exception applies only where the plaintiff pleads and proves that she was terminated for reasons that violate well-established important public policies rooted in statute. *Id. See also Smith-Pfeffer* at 150, and the cases cited therein. As the Massachusetts Supreme Court has cogently explained:

> Redress is available for employees who have been terminated for asserting a legally guaranteed right, for doing what the law requires or for refusing to do that which the law forbids.

*Smith-Pfeffer,* 404 Mass at 150.

The public policy exception does not exist to address purely private disputes between an employee and employer that do not implicate public concerns embodied in statutory law. For instance, an employer did not violate public policy when it terminated an at-will employee for

---

[2] According to the First Circuit Court of Appeals, a motion for judgment on the pleadings should not be converted into one for summary judgment if: (1) it is filed shortly after the complaint, (2) discovery is in its infancy or (3) the nonmovant does not have reasonable notice that a conversation may occur. *Rubert-Torres v. Hosp. San Pablo, Inc.*, 205 F.3d 472, 475 (1st Cir. 2000). Hence, this court may properly consider this motion under Rule 12(c).

refusing to work until 9:00 p.m. *Uptown v. JWP Businessland*, 425 Mass. 756, 682 N.E.2d 1357 (1997) ("there is no clear public policy which requires employers to refrain from demanding that their adult employees work long hours.").[3] Similarly, an employer did not violate public policy when it terminated an at-will employee for failing to comply with its drug-testing policy. *Folmsbee v. Tech Tool Grinding & Supply, Inc.*, 417 Mass. 388, 630 N.E.2d 586 (1994) (ruling plaintiff was not terminated for asserting a legally guaranteed right but for failing to obey a lawful internal policy). Within this legal framework, Plaintiff's Complaint utterly fails to state a cognizable legal claim.

### B. PLAINTIFF'S COMPLAINT DOES NOT ASSERT FACTS ESTABLISHING A VIABLE CLAIM FOR WRONGFUL TERMINATION.

The pleadings confirm that Plaintiff was employed on an at-will basis. As such, her allegation of wrongful discharge is cognizable only if she has adequately pleaded that she was terminated for reasons that violate a clearly established public policy. Plaintiff's Complaint fails to allege what public policy allegedly was violated, and, even construing all the allegations in the most favorable light, Plaintiff's Complaint does not set forth a cognizable claim for wrongful discharge in violation of public policy.

Plaintiff does not allege that EDS terminated her for asserting a legally guarantee right or for refusing to do what the law forbids. *See Smith-Pfeffer*, 404 Mass. at 150. To the contrary, Plaintiff alleges that she was terminated for violating the EDS Business Code of Conduct and Substance Abuse Policy based on her admitted use of alcohol during the work day.

It is well established Massachusetts law that no public policy claim will lie based on a

---

[3] Whether a termination violates public policy is a question of law for the court to decide. *Flynn v. City of Boston,* 59 Mass. App. Ct. 490, 796 N.E.2d 881 (Suffolk, 2003); *Mello,* 402 Mass. 555, 524 N.E.2d 105 (1988); *Smith-Pfeffer,* 404 Mass. 145, 533 N.E.2d 1368 (1989).

challenge to a company's application of its internal company policies. "The application of internal company policies is entrusted to those individuals with decision-making authority and 'may not form the basis of a public policy exception to the at-will rule.'" *Barry v. Chase Precast Corp.*, 17 Mass. L. Rptr. 283, 286 (Mass. Super. Ct. 2004). Furthermore, no matter how much Plaintiff disagrees with EDS' interpretation and application of its policies, she still cannot state a tort action for wrongful discharge. As the Court in *Barry* succinctly explained: "While Chase's decision to apply such rule on the facts of this case may appear rigid or severe, this severity of its application does not constitute a violation of public policy. Barry has failed to point to a clearly defined public policy threatened by Chase's action." *Id.* at * 13-14). Accordingly, EDS' "stated reason" for Plaintiff's discharge confirms that she cannot state a cause of action.

Furthermore, Plaintiff's allegation that EDS' stated reason was untrue and that "her termination was for ongoing disputes with her Manager, Michael Curry, regarding Plaintiff's job description and responsibilities takes her nowhere." (Complaint ¶ 6). It is black letter law that a public policy claim does not lie even where the plaintiff alleges that the proffered reason for her termination was false or a pretext. *Cort v. Bristol-Meyers Co.*, 385 Mass. 300, 305, 431 N.E. 2d 908 (1982) ("We decline to impose liability on an employer simply because it gave a false reason or a pretext for the discharge of an employee at-will."); *Barry*, 2004 Mass. Super. LEXIS at * 14. ("In addition, Barry's public policy argument would not be advanced even assuming, which the Court does not, that the stated reason for Barry's discharge, i.e. violation of the 'no call, no show' was merely a pretext."). Indeed, even taken as true, this allegation cannot establish a violation of public policy.[4] Disputing one's job duties/responsibilities is not a legally guaranteed right. Nor is EDS forbidden from imposing job responsibilities with which an

---

[4] By filing this Motion, Defendants are in no way conceding or ratifying Plaintiff's assertion that she was terminated for ongoing disputes with her supervisor.

employee disagrees. Accordingly, as Plaintiff's Complaint offers no facts establishing that her termination violated a clearly established public policy, she has failed to state a cognizable cause of action as a matter of law.

### C. **PLAINTIFF CANNOT MAINTAIN A WRONGFUL DISCHARGE CLAIM AGAINST MICHAEL CURRY AND MARTHA HASTINGS.**

While Plaintiff's Complaint manifestly fails to state a cognizable claim for wrongful discharge in violation of public policy which warrants outright dismissal as to all Defendants, Plaintiff's attempt to assert such a claim against Defendants Curry and Hastings individually is absolutely specious. As alleged in the Complaint, Mr. Curry and Ms. Hastings were Claims Managers employed by EDS. (Complaint ¶¶ 3 and 4). As employees of EDS themselves, they were not Plaintiff's employer and may not be sued on an individual basis. *Cort,* 385 Mass. at 305, n. 5.

## **CONCLUSION**

For all the foregoing reasons, Plaintiff's Complaint fails to assert any operative facts that would entitle her to relief. Accordingly, Defendants are entitled to a judgment on the pleadings.

        s/Joseph P. McConnell
        Joseph P. McConnell (BBO 566412)
        Morgan Brown and Joy, LLP
        One Boston Place
        Boston, Massachusetts 02108
        (617) 523-6666
        (617) 367-3125 (fax)

        Pro Hac Vice to be submitted,

        Martin T. Wymer  (0004004)
        Douglas R. Sergent (0071151)
        BAKER & HOSTETLER LLP
        3200 National City Center
        1900 East Ninth Street
        Cleveland, Ohio  44114-3485
        Telephone:  (216) 621-0200
        Facsimile:  (216) 696-0740

        *Counsel for Defendants*

Date:   October 15, 2004

## **CERTIFICATE OF SERVICE**

A true copy of the foregoing was served upon Plaintiff Debra Magnuson at 640 King Street, Hanover, Massachusetts 02339, via regular U.S. mail, postage prepaid, this 15th day of October, 2004.

s/Joseph P. McConnell
One of the attorneys for Defendants