EMPLOYEE FILES, 2  EMPLOYEE AGREEMENT, 033540366 Page 1.0     Job #193369 Page 2 Of 30

EXHIBIT
5

# EMPLOYMENT AGREEMENT

1. My full name is DEBRA T MAGNUSON.
In consideration of my employment by EDS, I hereby promise to honor and to be bound by this agreement, which imposes restrictions on me, as specifically set forth below. I further understand that this agreement is a condition of my being employed by EDS, my having access to EDS' confidential business and technological information, my advancement at EDS and my being eligible to receive benefits at EDS; and further that this agreement is entered into, and is reasonably necessary, to protect EDS' investment in my training and development and to protect the good will and other business interests of EDS.

2. I agree that my initial compensation with EDS shall be $13 __ per hour/month.

3. I understand that the following terms and names shall apply to this agreement:

   a. "EDS" shall mean Electronic Data Systems Corporation and all of its direct and indirect subsidiaries and affiliated entities, except its parent corporation and the other subsidiaries of its parent corporation;

   b. "Confidential Information" shall mean all business information, technological information, intellectual property, trade secrets and other information belonging to EDS or relating to EDS business, technology or customers, which is not available to the general public;

   c. The term "participate" shall mean lending one's name to, acting as a consultant or adviser to being employed by, or acquiring any direct or indirect interest in any business or enterprise, whether as a stockholder, partner, officer, director, employee or otherwise (other than by ownership of less than 5 percent of the stock of a publicly held corporation).

4. I understand and agree that my employment at EDS is not for any specified term and that either EDS or I may terminate the employment relationship with or without notice or cause at any time. In the event my employment relationship with EDS is terminated, my obligations herein under paragraphs 5, 6, 7, 8, 9 and 12 nevertheless shall survive such termination.

5. I promise that in the event my employment at EDS is terminated for any reason, for one year thereafter I will not, within 50 miles of any city where I provided or marketed services to or on behalf of EDS or any customer of EDS, engage directly or indirectly in any of the following conduct:

   a. Participate in any activity as or for a competitor of EDS, which is the same as or similar to those activities in which I was involved at the time of my termination from EDS and during the prior 12-month period;

   b. Hire, attempt to hire or assist any other person or entity in hiring or attempting to hire any employee of EDS, or any person who was an EDS employee within the prior six-month period;

   c. Solicit, in competition with EDS, the business of any EDS customer or any person or entity whose business EDS solicited during the six-month period prior to my termination; or

   d. Participate in any activity for any customer of EDS or any person or entity that EDS solicited to become a customer during the six-month period prior to my termination, which is the same as or similar to those activities in which I was involved at the time of my termination from EDS.

6. I agree that if I act in violation of paragraph 5 of this agreement, the number of days I am in such violation will be added to the one-year period specified in paragraph 5.

7. During and following my employment at EDS, I will never disclose or use any Confidential Information of EDS, other than in connection with authorized activities conducted in the course of my employment at EDS or with the written approval of EDS.

8. During the course of my employment, I may work on and be a part of the development of technical or other systems for EDS. I understand and agree that systems developed by employees of EDS (including systems developed by me) and the systems and business information of EDS shall be, and remain, the sole and absolute property of EDS, and that I shall acquire no rights to any of this information.

9. In further consideration of my employment with EDS, I agree that any and all inventions, improvements, discoveries, processes, programs or systems developed or discovered by me as a result of my employment at EDS shall be fully disclosed to the officer in charge of my division, and the same shall be the sole and absolute property of EDS; and upon the request of EDS, I shall execute, acknowledge and deliver such assignments and other documents as EDS may consider necessary or appropriate to vest all rights, titles and interests therein to EDS.

10. I further understand and agree that I shall not, while employed by EDS, engage in any other employment or business venture without the prior consent of EDS.

11. I understand and agree that, from time to time, I may be tested to detect the presence or absence of any illegal drugs or controlled substances, and that the results of any such tests shall be released to EDS.

12. Upon my separation from employment, EDS is authorized to deduct from final wages or other monies due me any debts or financial obligations owed to EDS by me.

13. If the scope of any provision contained in this agreement is too broad to permit enforcement of such provision to its full extent, then such provision shall be enforced to the maximum extent permitted by law, and I hereby consent that such provision may be reformed or modified accordingly, and enforced as reformed or modified, in any proceeding brought to enforce such provision.

14. I understand and agree that EDS would be irreparably damaged in the event that the provisions of paragraphs 5, 6, 7, 8 or 9 of this agreement are violated, and I agree that EDS shall be entitled (in addition to any other remedy to which it may be entitled, at law or in equity) to an injunction or injunctions to redress breaches of this agreement and to specifically enforce the terms and provisions hereof.

EMPLOYEE FILES, 2  EMPLOYEE AGREEMENT, 033540366 Page 2.0          Job #193389 Page 3 of 10

15. Subject to the provisions of paragraph 15, whenever possible, each provision of this agreement will be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this agreement is held to be prohibited by or invalid under applicable law, such provision, to the extent of such prohibition or invalidity, shall be deemed not to be a part of this agreement, and shall not invalidate the remainder of such provision or the remaining provisions of this agreement.

16. Any action or proceeding arising out of or relating to this agreement may be commenced in any state or federal court of competent jurisdiction located in Collin County, Texas.

17. I agree that this agreement may not be modified or amended except by a written instrument executed by me and an authorized officer of EDS.

18. I acknowledge receipt of the information necessary to determine my eligibility to participate in the EDS Deferred Compensation Plan, the Electronic Data Systems Corporation Retirement Plan, the EDS Stock Purchase Plan, and the EDS Flexible Benefits Plan.

19. This agreement constitutes our entire agreement, and supersedes and prevails over all other prior agreements, understandings and representations by or between the parties, whether oral or written, with respect to the subject matters herein.

**DATE**

7/10/97

**EMPLOYEE**

**EDS BY: LESTER M. ALBERTHAL, JR.**

**EDS AUTHORIZED SIGNATURE**

**PRINTED AUTHORIZED NAME**

JOANNE HAZARI.

ECY026831-05   Rev. 11/1/95

OCT-26-98 17:34 FROM:                          :ID:  033-54 0366          PAGE  4/5

## 4. REMEDIES AND REFORMATION

Employee understands and agrees that EDS would be irreparably harmed if Employee were to break the promises made in Paragraphs 2 or 3. As a result, Employee agrees that EDS shall be entitled (in addition to any other remedy to which it may be entitled, at law or in equity) to injunctions to redress the broken promises and to specifically enforce the promises Employee made in Paragraphs 2 and 3.

If any provision in Paragraphs 2 or 3 should be found by any court of competent jurisdiction to be unenforceable as a result of being overbroad in any way, such clause shall remain valid and effective, but shall be amended by the court only to the extent necessary to be held reasonable and enforceable. Similarly, if any remedy is found to be unenforceable in whole or in part, such provision shall remain in effect only to the extent the remedy or remedies would be enforceable.

## 5. SEVERABILITY AND SURVIVAL

Whenever possible, each provision of this Agreement will be interpreted in a manner to be effective and valid under applicable law, but if any provision of this Agreement or any portion thereof is held to be prohibited by or invalid under applicable law, such provision, to the extent of such prohibition or invalidity, shall be deemed not to be part of this Agreement, and shall not invalidate the remainder of the provision or the remaining provisions of this Agreement. Employee specifically agrees that Paragraph 2 (Non-competition and Related Covenants) and Paragraph 3 (Non-solicitation of Employees, Customers, and Prospective Customers), and each of their sub-paragraphs and sub-parts, are independent of and severable from each other, and may be enforced independently.

## 6. GOVERNING LAW

This Agreement shall be governed by and interpreted under the laws of the State of Delaware.

## 7. AMENDMENTS

This Agreement may not be modified or amended except by a written instrument executed by Employee and either the Chief Executive Officer or President of EDS.

## 8. ENTIRE AGREEMENT

This Agreement constitutes the parties' entire agreement, and supersedes and prevails over all other prior agreements, understandings or representations by or between the parties, whether oral or written, with respect only to the specific subject matters herein.

EMPLOYEE:                                          ELECTRONIC DATA SYSTEMS CORPORATION:

SIGNATURE                                          BY: LESTER M. ALBERTHAL, JR.

Deora A. Magnuson                                  EDS AUTHORIZED SIGNATURE
PRINTED NAME

DATE  10/21/98                                     ANDREW J. CONN
                                                   PRINTED AUTHORIZED SIGNATURE

                                                   DIRECTOR, CLAIMS OPERATIONS
                                                   TITLE

                                                   DATE  11/26/98